```
              IN THE DISTRICT COURT OF THE UNITED STATES
                  FOR THE MIDDLE DISTRICT OF ALABAMA
                           EASTERN DIVISION
```

UNITED STATES OF AMERICA        )
                                )
            v.                  )      CR. NO. 3:06CR030-WHA
                                )
BRIAN V. CLARK                  )

## PLEA AGREEMENT

DEFENSE COUNSEL:              MALCOLM NEWMAN

ASSISTANT U.S. ATTORNEY:      VERNE H. SPEIRS

**COUNT AND STATUTE CHARGED:**

Count *[handwritten: 10/17/06 nep, 12 BC]*   18 U.S.C. § 922(g)(1)
                                             Felon In Possession Of A Firearm

Count *[handwritten: 1 nen BC]*              18 U.S.C. § 922(g)(3)
                                             Drug user In Possession of A Firearm

**COUNT PLEADING PURSUANT TO PLEA AGREEMENT:**

Count *[handwritten: VHS NRN BC]*            18 U.S.C. § 922(g)(1)

**PENALTIES BY COUNT - MAXIMUM PENALTY:**

Count 1         18 U.S.C. § 922(g)(1)
                NMT 10Y or
                NMT $250,000 or both;
                NMT 3Y SUP REL;
                $100 AF;
                VWPA.

Count 2         18 U.S.C. § 922(g)(3)
                NMT 10Y or
                NMT $250,000 or both;
                NMT 3Y SUP REL;
                $100 AF;
                VWPA.

**ELEMENTS OF THE OFFENSE:**

<u>18 U.S.C. § 922(g)(1)</u>

First:   The defendant knowingly possessed a firearm or ammunition in or affecting interstate commerce, as charged; and

Second:  Before the defendant possessed the firearm or ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

*************************************************************

Verne H. Speirs, Assistant United States Attorney and Malcolm Newman, attorney for the defendant, pursuant to Rule 11(c)(1)(A) and Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties.  The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and 11(c)(1)(A) and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial.  If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

**<u>GOVERNMENT'S PROVISIONS</u>**

1. Upon entering a plea of guilty by the defendant to the offense charged in Count ~~1~~ 2 VHS OC nen of the Indictment, the attorney for the Government will do the following:

    a. The Government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find the defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

    b. The government will agree that an additional reduction in the applicable sentencing pursuant Rule 11, Federal Rules of Criminal Procedure, the Federal Sentencing Guidelines §5K1.1 and/or Rule 35, Federal Rules of Criminal Procedure, for

Substantial Assistance to Authorities may be appropriate contingent upon the totality of the defendant's assistance. The government will have **sole discretion** in exercising its authority as to the timing and amount of the recommended departure.

      c. The government will agree, pursuant to Rule 11(c)(a)(A), Federal Rules of Criminal Procedure, not to bring additional charges for conduct or offenses **currently known** by the government related to the possession, manufacture or distribution of controlled substances within the Middle District of Alabama. This provision is strictly limited to any potential charges stemming from any investigation conducted by the United States Drug Enforcement Adminstration within the Middle District of Alabama. This provision is not intended to be, and shall not be, enforceable in any other jurisdiction or territory of the United States. This provision shall not limit or preclude any other investigation or prosecution (known or unknown) for any other offenses occurring outside the Middle District of Alabama.

      d. At sentencing, after the defendant has been adjudicated guilty by the District Court, the United States will dismiss Count 1 [handwritten: 1 r/15 MRW] of the indictment.

   2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

    a.    To plead guilty to Count 2 of the Indictment.

    b.    To forfeit all firearms in his possession.

    c.    Not commit any State, local or federal offenses.

    d.    Comply with the Cooperation Agreement as detailed below.

## FACTUAL BASIS

Beginning from an unknown date, up to and continuing to August 24, 2005, in Lee County, within the Middle District of Alabama, BRIAN V. CLARK, defendant herein, having been convicted of the following felonies, crimes punishable by imprisonment for terms exceeding one year under the laws of the State of Georgia, to-wit:

    1)    October 2, 2001, Aggravated Assault, in the Superior Court of Fulton County, Georgia, Cr. No. 00SC-06615 and;

    2)    October 2, 2001, Terroristic Threats, in the Superior Court of Fulton County, Georgia, Cr. No. 00SC-06615,

did knowingly possess in and affecting commerce a firearm, to-wit: a Smith and Wesson, Model Sigma, 9mm pistol, serial number PBT7281, in violation of Title 18, United States Code, Section, 922(g)(1).

## **COOPERATION AGREEMENT**

4. The defendant agrees to make a good faith effort to assist the government in the investigation and prosecution of other persons involved in the illegal manufacture, distribution, or possession of controlled substances and assist in the investigation of other persons involved in the illegal possession, manufacture or distribution of firearms; or any other illegal activity of which the Defendant has personal knowledge. **Merely providing information does not amount to substantial assistance.**

    a. The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom he may have knowledge at grand jury, trial (criminal or civil), or whenever called upon to do so. The defendant understands that this agreement does not require him to implicate any other particular individual or individuals nor to "make a case," rather it requires him to be truthful and to testify truthfully whenever called upon. The defendant agrees to make himself available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the government upon reasonable request and to fully and truthfully respond to all questions asked of him by law enforcement officers and attorneys for the government. He agrees to fully and truthfully disclose to the government everything he knows about any and all documents

and materials in his possession that relate to violations of federal narcotics statutes and any other criminal violations in the Middle District of Alabama and elsewhere. The defendant agrees to submit to a polygraph examination conducted by the government if requested to do so.

      b. Provided that the defendant satisfies the terms of this plea agreement, any information that he truthfully discloses to the government during the course of his cooperation, concerning related offenses, will not be used against him, directly or indirectly. The defendant understands that this agreement does not bar his prosecution for capital felonies, perjury, false statements, and obstruction of justice.

      c. If the defendant has failed or should fail in any way to fulfill completely his obligations under this agreement, then the government will be released from its commitment to honor all of its obligations to him. Thus, if at any time he should knowingly and willfully withhold evidence from the government investigators or attorneys prior to or during his testimony before grand juries or in trials, then the government will be free to: (1) prosecute him for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Section 1621, 1623, 1001, 1503); (2) to prosecute him for all violations of federal criminal law which he has committed; (3) to use against him in all of those prosecutions and

sentencings the Indictment and documents that he has himself disclosed or furnished to the government during the course of his cooperation; (4) to recommend a maximum sentence; and (5) to seek forfeiture of any and all forfeitable properties of the defendant. The parties agree to submit to the Court, to be decided by a preponderance of the evidence standard, the question of whether defendant has breached this agreement. **Defendant further understands that upon any breach of this plea agreement, by the defendant, he will not be entitled to withdraw his guilty plea in this case.**

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding.

The government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

**DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

5. The defendant, before entering a plea of guilty to Count 1 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

    a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

    b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

    c. The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

    d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of

9

the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

   e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

   f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

   g. The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any

10

force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

      h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

      i. The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the Court.

      j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the

statement was made by the defendant under oath, on the court record, and in the presence of counsel.

      k.  The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

      6.  The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended.  The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind.  Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea

is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

7. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney. In the event that the Court determines the defendant's offense level or criminal history category is higher than the defendant anticipated, the defendant will have the right to withdraw the plea on that basis.

This 17th day of October, 2006.

          Respectfully submitted,

          LEURA G. CANARY
          UNITED STATES ATTORNEY

*[signature]*
Louis V. Franklin, Sr.
Criminal Chief

*[signature]*
Verne H. Speirs
Assistant United States Attorney
One Court Square
Suite 201
Montgomery, Alabama 36104

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL,

*[signature]*
Brian Clark/DEFENDANT

10-9-06
Date

*[signature]*
Malcolm Newman
Attorney for the Defendant

10-9-06
Date